Upon this bill, answer, and replication, the facts appear to be that Teil gave to Roberts two notes, upon which the latter obtained judgment at law for the principal and interest. Drafts for money were issued by the postmaster-general, one of which, for $400 in favor of Teil, Roberts received. Two others in favor of Teil, to the amount of $202.50, Roberts received, but by Teil's direction he paid $112.50 to Marchbanks, a creditor of Teil. The part retained, with the former sum, amounts to $490. Roberts was induced by Teil to perform additional services, not included in the general contract for which the notes were given, who promised him that he should be paid. The postmaster on the route between Fort Blount and Nashville were to assess the value of these services. They valued them at $470, and Roberts applies the sums received on the drafts, and which he retained, to the debt due for these extra services. That leaves a surplus of $20 to be applied to the reduction of the judgment. Objections are made by Teil's counsel, which, if not well founded, will leave him entitled to this credit only. One is, that the valuation of the postmaster being reduced into writing in the form of a certificate, and being part of the evidence relied on for proof of the amount of valuation, the contents being proved by Williams, and also his own opinion of the value, given in evidence, that the certificate itself should be produced or a copy. Answer: the evidence is, that this paper was sent to Teil, by his directions, to be forwarded to the postmaster-general. What became of it after it was sent *Page 140 
off to Teil does not appear. It does not appear that Toil has the possession of it; it is agreed on all hands That he has not the possession of it; no notice need be given him therefore to product it, and it is not insisted up on that notice should have been given to him. Teil says, but it is not proved, that the postmaster general has the possession of it. If it be in his possession, his certificate or a copy would not be evidence, and his oath proving the correctness of a copy is not to be expected, for how can he depose to the genuineness of the original? Is it to be presumed that he is acquainted with the handwritings of the postmasters? The best evidence then which can be reasonably expected is that which has been given. This objection then presents no solid obstacle. Another way be thought of, the application of the draft-money by Roberts. The creditor may apply it, if the debtor does not himself make the application at the time of payment, in a case such as the present is. It is to be remarked that the defendant at law does not appear to have pleaded payment; it does not appear, except by a statement in the bill, that he attempted to get a credit on the trial at law for the money paid for the drafts. The answer is not responsive to this statement in the bill, no exception is taken to the answer, and the bringing this point to an issue is wholly abandoned; it is to be understood as never having been mentioned in the bill at all. For this neglect of Teil, in strictness, he is not entitled to any relief at all here. But both sides seem to agree that such credits as are justly allowable shall be now given, and the whole dispute settled. Therefore decree that for $20 of the judgment there shall be a perpetual injunction; that the residue of the judgment shall be paid to Roberts if not already paid, for which he may have execution; and that the costs of the suits at law and of this suit shall be paid by the complainant.